```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA
```

| | |
|---|---|
| PATRICIA BARNES, | 3:10-CV-528-ECR-RAM |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: December 3, 2010 |
| NATIONAL COUNCIL OF JUVENILE & FAMILY COURT JUDGES, FUND, INC., a Nevada non-profit corporation, | |
| Defendant. | |

PRESENT:    EDWARD C. REED, JR.                         U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN        Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                NONE APPEARING

Counsel for Defendant(s)                NONE APPEARING

<u>MINUTE ORDER IN CHAMBERS</u>

On August 24, 2010, Defendant filed "Defendant's Motion to Dismiss Second and Third Claims for Relief" (#3). Plaintiff withdraws his third claim for relief, but opposes (#8) the motion (#3) with respect to the second claim for relief. Defendant has replied (#11).

Defendant contends that Plaintiff's second claim alleging negligent hiring, supervision, and retention fails to state a claim because the underlying allegations are wholly insufficient and because the Nevada Supreme Court has never recognized a claim for negligent hiring, supervision and retention in any circumstances remotely similar to that of this case. Specifically, Defendant refers to the circumstance that Plaintiff's claim is based on the actions of another employee and does not involve an allegation of physical harm.

The heart of Plaintiff's lawsuit is that she was hired by Defendant to be an attorney and was consistently given tasks which she was improperly trained to perform and then criticized for incompetence and poor performance. She was ultimately terminated. Allegedly, Plaintiff's supervisor, Katy Yetter ("Yetter") not only consistently gave Plaintiff assignments without training her properly but also gave Plaintiff a

negative six-month review. Following the review, Yetter refused to give Plaintiff specific guidance for improvement. Yetter then, on August 18, 2009, issued Plaintiff a written warning for taking annual leave without approval. Plaintiff subsequently provided Yetter with documentation demonstrating that she followed the same procedures that other employees previously followed, but the reprimand remained in her file. On August 18, 2009, the same day as Plaintiff received her reprimand, Yetter allegedly instituted a new call-in procedure for taking leave.

The allegations underlying Plaintiff's negligent hiring, supervision and retention claim are as follows: Defendant was negligent in hiring, supervising and retaining Yetter because: (1) Defendants knew or had reason to know that Yetter would "falsify reports to justify an outcome based upon prior experience with her in other investigations," (Compl. ¶ 29 (#1)), and (2) Defendant had notice of Yetter's misconduct with regard to the "written reprimand" and "failed to take any steps against them as opposed to Plaintiff." (Id. ¶ 30).

The elements of a negligent training, supervision, and retention claim include: (1) a general duty on the employer to use reasonable care in the training, supervision; and retention of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation. Hall, 930 P.2d at 98 (duty and breach); Jespersen v. Harrah's Operating Co., 280 F. Supp. 2d 1189, 1195 (D. Nev. 2002) (injury and causation).

Some jurisdictions have limited claims for negligent hiring, retention, and supervision to situations involving the threat of physical injury. See Perkins v. Spivey, 911 F.2d 22, 30 (8th Cir. 1990) ("A cause of action does exist under Kansas common law when employers negligently hire or retain employees they know or should know are incompetent or dangerous when another employee is physically injured by the dangerous employee or is emotionally harmed such that immediate physical injury is the result."); Jernigan v. Alderwoods Group, Inc., 489 F. Supp. 2d 1180, 1204 (D. Or.2007) ("Because neither Jernigan nor Haller provided evidence that she suffered physical injury as a result of sexual harassment by Baker, Alderwoods' motion for summary judgment on plaintiffs' claim for negligent supervision and retention should be granted.").

Although the Nevada Supreme Court has never explicitly addressed the issue, Nevada cases interpreting negligent supervision and hiring claims appear to require at least a threat of physical harm which is absent here. See e.g., Hall v. SSF, Inc., 930 P.2d 94, 98 (Nev. 1996)(tort of negligent hiring imposes a duty on the employer to conduct a reasonable background check); Rockwell v. Sun Harbor Budget Suites, 930 P.2d 94, 1182 (Nev. 1996)(duty to investigate violent propensities of employees to prevent undue risk of harm to others). Thus, we predict that, given the opportunity to do so, the Nevada Supreme Court would explicitly rule that physical harm is necessary for a negligent hiring, retention and

2

supervision claim in Nevada.  Plaintiff's second claim for relief is thus dismissed.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion to Dismiss (#3) is **GRANTED**.  Plaintiff's second and third claims are dismissed.  Plaintiff shall have twenty-one (21) days within which time to file an amended complaint.  If Plaintiff does not file an amended complaint, this case will continue with respect to the remaining claims not dismissed by this Order.

                                        LANCE S. WILSON, CLERK

                                        By _____/s/_____
                                              Deputy Clerk